UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL ANDERSON BALENTINE,

                      Plaintiff,

   -against-                                      9:21-CV-1383 (LEK/CFH)

NICK ANZALONE, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Michael Anderson Balentine brings this pro se action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Correctional Officer Nick Anzalone, Correctional Sergeant Brown, Correctional Sergeant F. Reynolds, and Correctional Sergeant J. Deusler (collectively, "Defendants"). Plaintiff alleges, *inter alia*, that Defendants have infringed his First and Eighth Amendment rights. See Dkt. No. 21 ("Amended Complaint"). On February 27, 2023, Correctional Sergeant Brown filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim. See Dkt. No. 26 ("Motion"). On July 12, 2023, the Honorable Christian F. Hummel, United States Magistrate Judge, filed a Report and Recommendation recommending that Correctional Sergeant Brown's Motion be dismissed in its entirety. See Dkt. No. 34 ("Report-Recommendation").

No party has filed objections to the Report-Recommendation. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with Judge Hummel's Report-Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See R. & R. at 2–4.

**III.   STANDARD OF REVIEW**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**IV.   DISCUSSION**

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 34) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Correctional Sergeant Brown's Motion (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 1, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge